IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONTINENTAL MARKETING, LTD., | ) | |
| HEPSCO, INC. d/b/a PROFESSIONAL | ) | |
| SALES & SERVICES, INC., and | ) | |
| RUMAGE & BROWN, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 07 C 5152 |
| v. | ) | |
| | ) | Wayne R. Andersen, |
| HOME DEPOT U.S.A., INC. | ) | District Judge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the court on defendant Home Depot U.S.A., Inc.'s motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss [19] is granted in part and denied in part.

## BACKGROUND

Plaintiffs Continental Marketing, Ltd., Professional Sales & Services, Inc. and Rumage & Brown, Inc. filed a nineteen-count complaint against defendant Home Depot. Plaintiffs allege that they provided sales and services for various manufacturers and distributors in Home Depot store locations from the mid 1990's until the fall of 2004. Plaintiffs allege that Home Depot implemented its "Roadrunner" program in 2004. Plaintiffs claim this program required manufacturers and distributors vending in Home Depot to extinguish their contracts with plaintiffs and instead operate through one of the Regional Service Groups selected by Home Depot. Plaintiffs claim this requirement constituted tortuous interference with plaintiffs' contractual relationships with those manufacturers and distributors to provide services in Home Depot stores. Plaintiffs further allege that Jim Ardell, Vice President of the Midwest Division of

Home Depot, along with other Home Depot representatives, falsely promised plaintiffs that Home Depot would continue to have a long and prosperous relationship with plaintiffs and that the Roadrunner program would not interfere with plaintiffs' business relationships with manufacturers and distributors. Plaintiffs claim that they relied on these promises to their detriment by continuing to invest heavily into Home Depot by providing sales and service efforts.

Based in part on these allegations, plaintiffs claim that Home Depot is liable for intentional interference with contractual relations, promissory estoppel, equitable estoppel, fraudulent misrepresentation, fraudulent concealment, reimbursement of expenses, and unjust enrichment. Home Depot has moved to dismiss all nineteen counts of plaintiffs' complaint.

## DISCUSSION

In assessing a Rule 12(b)(6) motion to dismiss, the court evaluates the allegations set forth in the complaint, taking all well-pleaded facts as true and viewing all facts and reasonable inferences in the light most favorable to the plaintiffs. *Resolution Trust Corp. v. KPMG Peat Marwick*, 844 F. Supp. 431, 433 (N.D. Ill. 1994). Viewed in this light, plaintiffs sufficiently have pleaded their claims for interference with contractual relations, fraudulent misrepresentation and concealment, and unjust enrichment. However, even viewing the complaint in the light most favorable to plaintiffs, the allegations of promissory estoppel, equitable estoppel, and reimbursement of expenses fail to state claims upon which relief may be granted.

A. *Plaintiffs sufficiently plead Counts I through III alleging claims of intentional interference with existing contractual relations.*

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs' complaint need only contain a "short and plain statement of the claim showing that [plaintiffs are] entitled to relief." FED. R.

Civ. P. 8(a)(2). The complaint must provide sufficient detail to give defendant fair notice of the claims and grounds for relief and to raise the possibility of relief above a mere "speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 1973 (2007).

At this stage, this court need not decide whether Home Depot is a party to the contractual relationship under which plaintiffs marketed and sold products in its stores. Home Depot certainly is not a party to plaintiffs' contractual relationships with manufacturers and distributors to market and sell their products to *other* customers. Plaintiffs allege in the complaint that Home Depot interfered with these contracts, to which Home Depot is not a party. The complaint therefore sufficiently states a claim for intentional interference with contractual relations.

B.  *Plaintiffs sufficiently plead Counts X through XV alleging claims of fraudulent misrepresentation and fraudulent concealment.*

Viewed in the light most favorable to plaintiffs, the complaint suffices to state causes of action for fraudulent misrepresentation and fraudulent concealment. Plaintiffs allege that Home Depot had engaged in a scheme to defraud plaintiffs, which included Mr. Ardell's assurances that the Roadrunner program would not affect plaintiffs' contractual relationships. A cause of action for fraud may arise from a false promise of future conduct if that promise was part of a scheme to defraud. *HPI Health Care v. Mt. Vernon Hosp.*, 545 N.E.2d 672, 682 (Ill. 1989). In alleging such a scheme, plaintiffs need only plead "at least one specific manifestation of the fraudulent scheme." *Credit Ins. Consultants, Inc. v. Gerling Global Reinsurance Corp.*, 210 F. Supp. 2d 980, 983 (N.D. Ill. 2002). Plaintiffs have plead at least one manifestation of a scheme to fraudulently misrepresent and conceal the nature of the Roadrunner program, which suffices to state a claim upon which relief may be granted.

C.  *Plaintiffs sufficiently plead Count XIX alleging a claim for unjust enrichment.*

Under Illinois law, a claim for unjust enrichment is not a separate cause of action and, therefore, generally cannot be the basis for liability. *Zimmerman Props., Inc. v. Grund*, No. 03 C 3359, 2007 WL 433533, at *6 (N.D. Ill. Feb. 2, 2007). However, a party may plead unjust enrichment as a remedy for another substantive wrongdoing like fraud. *Id*. In this case, viewing the complaint in the light most favorable to plaintiffs, the claim of unjust enrichment validly is plead as a remedy for the sufficiently plead claims of fraud.

D.  *Counts IV through IX and Counts XVI through XVIII alleging claims of promissory estoppel, equitable estoppel and reimbursement of expenses are not claims upon which relief may be granted.*

District courts in Illinois have split as to whether promissory estoppel, equitable estoppel and reimbursement of expenses are affirmative claims under Illinois law. Nonetheless, this court consistently has upheld the reasoning that these actions are purely defensive and do not independently state affirmative claims. *Lawrence H. Flynn, Inc. v. Phillip Morris USA, Inc.*, No. 05 C 318, 2006 WL 211823, at *7 (N.D. Ill. Jan. 19, 2006) (quoting *ESM Dev. Corp. v. Dawson*, 795 N.E.2d 397 (5th Dist. 2003)), *N.J. Morgan & Assocs. v. Amerisource Health Corp.*, No. 99 C 4142, 1999 WL 1212559, at *3 (N.D. Ill. Dec. 15, 1999). In general, estoppel should serve as an "equitable remedy, meaning simply that a party is stopped from claiming something or saying something." *ESM Dev. Corp*. 795 N.E.2d at 401. The doctrine of estoppel is to be "utilized as a shield and not a sword." *Id*. at 402. Similarly, reimbursement of expenses is designed to serve as "a defensive claim interposed solely to defeat or diminish plaintiff's recovery." *N.J. Morgan & Assocs.*, 1999 WL 1212559, at *3 (quoting *Sikora v. Montgomery Kone, Inc.*, 18 F. Supp. 2d 841, 847 (N.D. Ill. 1998)). We see no reason to revise this reasoning now and therefore conclude

4

that plaintiffs' claims of promissory estoppel, equitable estoppel, and reimbursement of expenses do not state independently cognizable claims under Illinois law.

**CONCLUSION**

For all of the reasons stated in the court's Memorandum Opinion and Order, defendant Home Depot Inc.'s motion to dismiss [19] pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted as to Counts IV through IX and Counts XVI through XVIII with respect to plaintiffs' claims of promissory estoppel, equitable estoppel, and reimbursement of expenses, and the motion is denied as to Counts I through III, Counts X through XV and Count XIX alleging claims of interference with contractual relations, fraudulent misrepresentation, fraudulent concealment, and unjust enrichment.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Dated: July 10, 2008